IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.

JOHN and FAISURY NEIBLES,

    Plaintiffs,

v.

ROETZEL & ANDRESS, A LEGAL
PROFESSIONAL ASSOCIATION, INC.,

    Defendant.
_____/

## NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, where Plaintiffs reside in this district, and where Defendant transacts business in this district.

## PARTIES

4.    Plaintiffs, JOHN and FAISURY NIEBLES ("Plaintiffs"), are natural people who at all relevant times resided in the State of Florida, County of Lee, and City of Lehigh Acres.

5.    Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

6.    Defendant, ROETZEL & ANDRESS, A LEGAL PROFESSIONAL

ASSOCIATION, INC., ("Defendant") or ("Roetzel") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Defendant filed a Claim of Lien for Unpaid Assessments on July 16, 2010 for the amount of $1,093.41. (See Claim of Lien, attached hereto as Exhibit "A").

12. However, also on July 16, 2010, Defendant sent Plaintiffs a written communication in which it represented that Plaintiffs' total amount due was $4,650.15. (See July 16, 2010 correspondence, attached hereto as Exhibit "B").  Defendant had previously represented that the debt was $2,161.37 on January 14, 2010 (See January 14, 2010 correspondence, attached hereto as Exhibit "C"), $2,723.08 on March 24, 2010  (See March 24, 2010 correspondence, attached hereto as Exhibit "D"), and $3,704.29 on May 24, 2010 (See May 24, 2010 correspondence, attached hereto as Exhibit "E").

13. These periodic increases were the result of Defendant's addition of exorbitant and unnecessary attorney's fees, and constitute charges not expressly provided for by the contract giving rise to the alleged debt.

14. Defendant sent Plaintiffs a written communication dated January 14, 2010 and March 24, 2010 in which Defendant failed to properly notify Plaintiffs that the communication was from a debt collector in accordance with applicable law. (See Exhibit "C" and Exhibit "D").

15. Defendant's communication consisted of two pages, and absent from the top page was any reference to important information contained on the second page. (See Exhibit "C" and Exhibit "D").

16. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiffs suffered and continue to suffer injury to Plaintiffs' feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

17. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 16.

18. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character amount, or legal status of Plaintiffs' debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

19. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 16.

20. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiffs.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

    b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

21. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 16.

22. Defendant violated 15 U.S.C. § 1692e(11) by failing to properly notify Plaintiffs during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

23.    Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 16.

24.    Defendant violated 15 U.S.C. § 1692f(1) by collecting an amount from Plaintiffs that was not expressly authorized by the agreement creating the debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f(1);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

25. Plaintiffs are entitled to and hereby demands a trial by jury.

Respectfully submitted this 23rd day of December, 2010.

                                                Respectfully submitted,
                                                **JOHN and FAISURY NIEBLES**

                                                By: s/ Alex D. Weisberg
                                                ALEX D. WEISBERG
                                                FBN: 0566551
                                                WEISBERG & MEYERS, LLC
                                                ATTORNEYS FOR PLAINTIFFS
                                                5722 S. Flamingo Rd, Ste. 656
                                                Cooper City, FL 33330
                                                (954) 212-2184
                                                (866) 577-0963 fax
                                                aweisberg@attorneysforconsumers.com